# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**BLEU EDMONDSON,**

    *Plaintiff*,

v.                                                                 **Case No. 5:23-CV-1504-JKP**

**STATE FARM LLOYDS,**

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment Regarding Plaintiff's Extra-Contractual Claims (ECF No. 24). Pursuant to Fed. R. Civ. P. 56(a), Defendant State Farm Lloyds ("State Farm" or "Defendant") seeks summary judgment on Plaintiff's bad faith and statutory claims asserted under Chapter 541 of the Texas Insurance Code. With the filing of Plaintiff's response (ECF No. 26) and Defendant's reply brief (ECF No. 27), the motion is fully briefed. After considering the motion, related briefing, relevant pleadings, submitted evidence,[1] and applicable law, the Court partially grants the motion.

## I. BACKGROUND[2]

Both sides agree that this case arises out of an August 2022 claim for hail and wind damage under an insurance policy issued by Defendant to Plaintiff who asserts claims for (1) breach of contract; (2) unfair settlement practices in violation of Chapter 541 of the Texas Insurance Code, specifically §§ 541.060(a)(1), (2)(A), (3), (4), and (7); (3) prompt payment violations of Chapter 542 of the Texas Insurance Code; and (4) breach of the duty of good faith and fair dealing. Pl.'s Orig. Pet. (ECF No. 1-2) ¶¶ 33–44. Typically, the latter claim is known colloquially as a "bad faith

---

[1] Both sides have submitted evidence with their briefing. With its motion, Defendant provides three exhibits (ECF Nos. 24-1 (Ex. A), 24-2 (Ex. B), and 24-3 (Ex. C)). Plaintiff submits his evidence within its response.

[2] The factual background is uncontested unless otherwise noted. The Court considers disputed facts in the light most favorable to the non-movant as required through the summary judgment process.

claim." *Switzer v. State Farm Lloyds*, 642 F. Supp. 3d 568, 572 n.2 (W.D. Tex. 2022). Defendant seeks summary judgment only with respect to the Chapter 541 statutory claims and the common law bad faith claim. The Court will at times collectively refer to all these claims as bad faith claims.

A State Farm employee, Jeremy Cuba, obtained permission to have a vendor specializing in steep roof inspections, Hancock Claims Consultants, conduct the initial inspection. Decl. (ECF No. 24-1, Ex. A) ¶¶ 5–6. Reviewing the report of that inspection, Cuba found that the costs of repairs fell below Plaintiff's deductible. *Id*. ¶ 7. After Plaintiff's contractor reported additional damage with supporting photographs, Jeremiah Miller of State Farm determined that the photographs "did not show accidental direct physical loss to the shingles and that no reinspection was merited." *Id*. ¶¶ 8–9. He explained to Plaintiff's "contractor that for an additional inspection to take place, the photographs must demonstrate storm related damage." *Id*. ¶ 9. After the contractor provided more photographs, Keith Smith of State Farm "found no further shingle damage," added some damage to the estimate created by Cuba, and found "repair costs were still under deductible." *Id*. ¶ 10.

In January 2023, State Farm received a letter of representation from a public adjuster ("PA") for Plaintiff. *Id*. ¶ 11. The next month, after receiving additional materials from the PA, Kally Nettles of State Farm approved a request for reinspection. *Id*. ¶ 12; *accord* Resp. at 6 (file note). Nettles approved the reinspection because of "the extensiveness of missed damages from the Hancock inspection and the photos that the PA has submitted." Resp. at 6. That same employee noted "additional photos of what appears to be missed damages from the original inspection." *Id*. That same day, after another State Farm employee, Ronya Nalley, noted "possible overlooked damages to the roof and the elevations," she requested assignment of "field partners to complete an inspection with the PA to move the claim forward." *Id*. at 7. Later that month, State Farm assigned two individuals (Russel Howell and Jim Steele) to the claim, and upon their review of

the materials from the PA, they determined that submitted "photographs did not show damage consistent with hail and State Farm's initial decision would stand." *Id.* ¶ 13.

By April 2023, Plaintiff had retained counsel, and he commenced this litigation in November 2023. *See id.* ¶¶ 14–15. Defendant removed the case to federal court on December 7, 2023. *See* ECF No. 1. It filed the instant motion for partial summary judgment in December 2024. The motion is fully briefed and ready for ruling.

## II. MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(a), Defendant seeks summary judgment on Plaintiff's common law bad faith claim and his related claims under Chapter 541. Plaintiff opposes the motion.

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

3

This includes identifying those portions of the record that the party contends demonstrate the absence of a genuine dispute of material fact. *Id.*

When "the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a genuine dispute] of material fact warranting trial." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301–02 (5th Cir. 2020) (quoting *In re: La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017)). The movant need not "negate the elements of the nonmovant's case." *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017) (emphasis omitted) (parenthetically quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994) (en banc)). In these instances, however, the movant must "point[] out that there is no evidence to support a *specific element* of the nonmovant's claim"; rather than making "a conclusory assertion that the nonmovant has no evidence to support his *case*." *Id*. at 335 n.10.

When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish a genuine dispute of material fact. With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Additionally, courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

## B. Defendant's Arguments

Defendant argues that "[t]he summary judgment evidence establishes that this case consists of a bona fide dispute between the parties and their experts on the cause and extent of damages and cost of repair to Plaintiff's roof." Mot. at 1. It contends that it made a reasonable investigation, promptly evaluated submitted information, timely communicated its coverage decisions, and made no misrepresentations upon which Plaintiff relied. *Id*. It argues that even an incorrect coverage decision is not evidence of bad faith or any statutory violation. *Id*. It contends that it acted in good faith and liability was never reasonably clear. *Id*. Alternatively, it seeks summary judgment on claims for additional, treble, exemplary, and punitive damages, because it "did not knowingly commit unfair insurance practices or act fraudulently, recklessly or with malice." *Id*. at 2.

Defendant initially focuses on its argument that this case presents a bona fide dispute as to the scope of repair and damages. *See id*. 6–9. And under Texas law and procedure, it is "entitled to summary judgment if its summary judgment proof establishe[s] that there [is] no more than a good faith dispute." *See U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997). Based upon its submitted evidence, Defendant argues that "[t]he undisputed evidence in this case establishes a bona fide dispute between the parties" and that "evidence establishing only a bona fide coverage dispute does not demonstrate a breach of the insurer's statutory duties as a matter of law." Mot. at 8. It "submits that any failure to investigate the claim, any delay, and/or any misrepresentation Plaintiff perceives on the part of State Farm, does not stem from bad faith, but rather results from the bona fide dispute between the parties." *Id*. at 8–9.

Defendant alternatively focuses on its argument that its liability never became reasonably clear. *Id*. at 9–12. In this two-pronged alternative attack, Defendant recognizes that it is Plaintiff's burden to establish that its "liability had become reasonably clear in order to prevail on Plaintiff's bad faith and statutory claims." *Id*. at 9. It first points out that Plaintiff has no evidence that it did

5

not perform a prompt and reasonable investigation. *Id*. Secondly, it argues that any post-loss misrepresentation claim asserted by Plaintiff fails as a matter of law because Plaintiff has done nothing in reliance on any post-loss representation. *Id*. at 11. It summarizes these arguments: (1) submitted evidence shows that its liability never became reasonably clear; (2) there is no evidence that it performed an unreasonable investigation of the claim; and (3) there is no evidence that it made any legally actionable misrepresentation. *Id*. at 12.

Finally, Defendant contends that Plaintiff lacks evidence entitling him to additional statutory or exemplary damages. *Id*. It points out that Plaintiff candidly acknowledged that he did not know whether it had intended to harm him. *Id*. at 13 (citing Ex. C 63:6-11).

## C. Burden

As the summary judgment movant, Defendant has an initial burden to carry which varies depending on (1) which party has the ultimate burden at trial and (2) how the movant attacks its opponent's claims. Here, Plaintiff has the ultimate burden of proof at trial. And, although some courts refer to "the bona fide dispute rule" as a defense, *see Hub Tex., LLC v. Arch Specialty Ins. Co.*, No. 5:21-CV-180-H-BQ, 2023 WL 11859631, at *18 (N.D. Tex. Mar. 21, 2023); *Travelers Indem. Co. v. Page & Assocs. Const. Co.*, No. 07-01-0022-CV, 2002 WL 1371065, at *6 (Tex. App. – Amarillo June 25, 2002, pet. denied), the Texas Supreme Court has concluded otherwise, *see Trans. Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 n.8 (Tex.1994), *superseded by statute on other grounds as stated in U–Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118 (Tex. 2012). What is often referred to as "'the bona fide dispute rule' is nothing more than a shorthand notation for the observation that the parties to an insurance contract will sometimes have a good faith disagreement about coverage." *Id*. This "rule is not an affirmative defense . . . but rather a threshold for Plaintiffs to meet when establishing a bad faith claim." *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:13-CV-263, 2014 WL 8397281, at *8 (E.D. Tex. June 6, 2014) (recommendation of Mag. J.)

6

*adopted by* 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014).

Because the bona fide dispute rule is not an affirmative defense, it does not alter the ultimate burden of proof on the bad faith claims, which remains with Plaintiff. Thus, to carry its summary judgment burden, an insurer may merely point to an absence of evidence which shows that the parties' dispute is more than a good faith disagreement about coverage, extent and cause of damage, or repair costs. Initially, Defendant opted to forego that route in favor of providing its own evidence to negate an element of Plaintiff's bad faith claims. While state procedure requires defendants moving for summary judgment to "conclusively disprove one of the elements of the plaintiff's causes of action," *see Williams*, 955 S.W.2d at 268, the federal summary judgment standard permits movants to carry their burden by pointing to an absence of evidence when the nonmovant bears the burden of proof at trial, *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301–02 (5th Cir. 2020).

Although the federal standard does not require summary judgment movants to disprove an element of an asserted claim to obtain summary judgment on such claim, *see Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017), movants may choose that option, and insurers often opt to directly negate an element by providing their own evidence that the case is no more than a bona fide dispute about the cause and extent of damages and the cost of repairs. In this case, Defendant initially sought to carry its burden by presenting its own evidence regarding a bona fide dispute, but it also alternatively points to an absence of evidence by Plaintiff.

**D. Analysis**

Defendant seeks dismissal of Plaintiff's bad faith claim in addition to claims asserted under Chapter 541 of the Texas Insurance Code. "Causes of action that share the same predicate for recovery as a bad faith claim include violation of § 541 of the Texas Insurance Code based upon

7

unfair insurance practices."[3] *Switzer v. State Farm Lloyds*, 642 F. Supp. 3d 568, 576 (W.D. Tex. 2022) (citing, inter alia, *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002)). Under both the statutory and common law predicates, "an insurer will be liable if the insurer knew or should have known that it was reasonably clear that the claim was covered." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). This reasonably clear standard replaced the no-reasonable-basis standard which required plaintiffs to show the absence of a reasonable basis for denying benefits. *See id*. at 55.

Under the current standard, the focus is "on the reasonableness of the insurer's conduct in rejecting the claim" and imposing liability for bad faith requires more than evidence that merely shows "a bona fide coverage dispute." *Switzer*, 642 F. Supp. 3d at 572. An insurer "is not liable for the tort of bad faith" if it "has a reasonable basis to deny or delay payment of a claim." *Id*. (quoting *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997)). "A bona fide controversy is sufficient reason for failure of an insurer to make a prompt payment of a loss claim." *Higginbotham*, 103 F.3d at 459.

Insurers are "obligated to adequately investigate a claim before denying it." *Switzer*, 642 F. Supp. 3d at 572 (citing *Giles*, 950 S.W.2d at 56 n.5). "An insurer will not escape liability merely by failing to investigate a claim so that it can contend that liability was never reasonably clear." *Giles*, 950 S.W.2d at 56 n.5. The Texas Supreme Court has instead "reaffirm[ed] that an insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim." *Id*. In other words, "an insurer cannot insulate itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denial." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).

---

[3] The Court is aware that at least one Court has noted that not all Chapter 541 claims necessarily require the same recovery predicate as the common law bad faith claim. *See Hub Tex., LLC v. Arch Specialty Ins. Co.*, No. 5:21-CV-180-H-BQ, 2023 WL 11859631, at *16–17 (N.D. Tex. Mar. 21, 2023) (discussing multiple claims under § 541.060(a)). This Court need not explore this matter further as no party raises or addresses the possibility.

The Texas Supreme Court has long recognized that what constitutes a reasonable investigation varies depending on the circumstances: "The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved." *Id.* at 44–45. For instance, "an insurer's reliance upon an expert's report, standing alone, will not necessarily shield the carrier if there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable." *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997). Similarly, liability may be predicated on "a biased investigation intended to construct a pretextual basis for denial" or engaging "in an outcome-oriented investigation." *Simmons*, 963 S.W.2d at 44–45.

There must be some evidence that relied-upon reports "were not objectively prepared," that "reliance on them was unreasonable, or [some] other evidence from which a factfinder could infer that [the insurer] acted without a reasonable basis and that it knew or should have known that it lacked a reasonable basis for its actions." *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). Of course, since *Giles*, the reasonably clear standard has replaced the no-reasonable-basis standard. Thus, there must be "evidence from which the jury could logically infer that [the insurer] did not make a good-faith effort to objectively investigate the [insured's] claim." *Simmons*, 963 S.W.2d at 45.

Although there is "a wealth of caselaw holding that reasonableness is ordinarily a question of fact," *Giles*, 950 S.W.2d at 56 n.6; *accord Simmons*, 963 S.W.2d at 44, "courts routinely determine as a matter of law that undisputed record evidence establishes an insurer had a reasonable basis for denying or delaying a claim payment," *Alvarez v. State Farm Lloyds*, No. SA-18-CV-01191-XR, 2020 WL 1033657, at *4 (W.D. Tex. Mar. 2, 2020). This naturally follows from the principle that courts "may be entitled to decide an issue as a matter of law when there is no conflict in the evidence, but when there is evidence on either side, the issue is a fact question." *Giles*, 950

9

S.W.2d at 56.

By pointing to an absence of evidence that it performed an unreasonable investigation of the claim, Defendant has carried its summary judgment burden as to the reasonableness of its investigation. Further, Defendant has presented undisputed evidence to show a bona fide dispute between the parties. When the insurer points to undisputed evidence that the facts merely show a bona fide coverage dispute or that it had some other reasonable basis for denying or delaying payment on the insurance claim, an insured may still avoid summary judgment by "present[ing] summary judgment evidence to raise a genuine dispute whether [the insurer] conducted an unreasonable investigation, or that [the] investigation was calculated to underestimate or under-pay [the] insurance claim." *Switzer*, 642 F. Supp. 3d at 575.

The parties agree to the timeline of events. The undisputed evidence in this case shows that State Farm never disputed liability for the insurance claim—the dispute goes to the cost to repair damage caused by the subject hailstorm. Defendant concedes coverage but the parties disagree as to the amount of damage sustained with Defendant maintaining that sustained damage did not exceed the deductible. State Farm based its initial damage decision on the recommendation of Hancock. The evidence also shows that State Farm considered additional evidence as Plaintiff presented it.

Plaintiff argues that "State Farm has never set foot on Plaintiff's roof and merely relied upon a third-party, who is not licensed as an adjuster, to observe the hail and wind damage to the shingles." Resp. at 1. To the extent the lack of license might favor Plaintiff, his failure to cite to any supporting evidence eliminates any consideration of the assertion. Plaintiff points to evidence within Defendant's own files that its employees believed that the original inspection missed extensive damage. *See id.* at 5–7.

Submitted evidence shows that, although two employees of Defendant approved Plaintiff's

request for a reinspection of the roof after receiving submission of additional documentation that the initial inspection may have missed or overlooked certain damage to the roof, other employees determined that a reinspection was unnecessary because the submitted documentation did not show damage consistent with hail. One employee requested a reinspection due to extensive missed damages by Hancock and noted that submitted photographs appear to show missed damages from the original inspection. Resp. at 6 (including a copy of the file notes). A second employee likewise noted "possible overlooked damages" when she directed a reinspection. *Id*. at 7. Defendant's letter (Ex. A-13) to Plaintiff states in pertinent part: "At this time the original decision will remain the same. We feel the photos do not show damage consistent with hail or any new wind damage that has not been previously addressed. . . . It has been determined that there are items included that are outside the scope of repairs for covered damage."

Defendant characterizes the produced evidence as supporting its bona fide dispute argument. Reply at 1. But that characterization misses the point. An insurer may not rely on a bona fide dispute if it has not conducted a reasonable investigation into the insurance claim. And, on summary judgment, the Court views the evidence in the light most favorable to the non-movant.

At this point, whether this case merely presents a bona fide coverage dispute between the parties depends on whether Plaintiff has presented evidence to raise a genuine dispute of material fact as to whether Defendant conducted an unreasonable investigation or whether the investigation was calculated to underestimate or under-pay the insurance claim. Crucial for this case is whether choosing not to reinspect the property was unreasonable after two employees reviewed new evidence which indicated that the original inspector missed extensive damage. While this could be no more than a simple disagreement between State Farm employees, the Court must view the evidence in the light most favorable to Plaintiff at this stage of the litigation.

Viewing the evidence in that light, the Court finds that Plaintiff has presented evidence to

raise a factual dispute as to the reasonableness of the investigation. A reasonable finder of fact could find that Hancock did not objectively prepare its report given the missing damage. Similarly, a reasonable finder of fact could find that Defendant's reliance on the Hancock investigation was unreasonable. Although other State Farm employees later stated that Plaintiff's submitted photographic evidence did not show covered damage, that disputed conclusion is beyond the scope of review on summary judgment. Defendant may make that argument at trial.

Defendant argues that it did not look at the report from its investigator to the exclusion of the materials Plaintiff provided. Reply at 1. It contends that internal disagreement does not equate to bad faith. *Id.* at 2. But viewing the evidence in the light most favorable to the non-movant, Plaintiff has produced evidence from which a jury could logically infer that Defendant did not make a good-faith effort to objectively investigate the insurance claim. Under Texas law, this is sufficient for a claim that the insurer breached its duty of good faith and fair dealing. *Simmons*, 963 S.W.2d at 44–45. Thus, Plaintiff has shown a genuine dispute of material fact that generally precludes summary judgment on the bad faith claims.

In this case, however, Defendant also argues that it is entitled to summary judgment on some claims because there is no evidence that it made any misrepresentation. As Defendant points out in its reply, Plaintiff does not address this argument. *See* Reply at 1 n.1. Defendant thus urges the Court to dismiss all Chapter 541 claims, except for Plaintiff's § 541.060(a)(7) claim, with prejudice on that basis alone. *See id.* By pointing to an absence of evidence to support Plaintiff's claims of misrepresentation, Mot. at 12, Defendant carried its summary judgment burden. By failing to present evidence of any misrepresentation, Plaintiff has not carried his burden to show a genuine dispute of material fact as to any claims requiring a misrepresentation.

Although Defendant urges dismissal of all Chapter 541 claims, except for the one under § 541.060(a)(7), not all Chapter 541 claims appear to require a misrepresentation. In its motion,

12

Defendant does not address Plaintiff's Chapter 541 claims individually. His argument simply challenges Chapter 541 claims generally to the extent they include a misrepresentation component. Section 541.060(a)(1) has a clear misrepresentation component in that it identifies one unfair settlement practice as "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Consequently, Defendant pointing to no evidence for Plaintiff's misrepresentation claims of Chapter 541 is enough to carry its burden on the § 541.060(a)(1) claim. But claims under §§ 541.060(a)(2)(A), (3), (4), and (7) have no apparent misrepresentation requirement and Defendant identifies no such requirement. Thus, Defendant has not carried its burden to show that it is entitled to summary judgment as a matter of law on these statutory claims. Nevertheless, because Plaintiff has not presented evidence of any misrepresentation, Defendant is entitled to summary judgment on the claim asserted under § 541.060(a)(1).

Defendant also contends that there is no evidence to support additional statutory or exemplary damages. Although Defendant briefs some claims that are not at issue in this case, *see* Mot. at 13; Resp. at 8 n.8, the parties agree that the damage types pursued in this case require knowing conduct by Defendant. Relying on the same evidence that raises a genuine dispute of material fact as to whether Defendant conducted an unreasonable investigation, Plaintiff identifies summary judgment evidence to support a finding of knowing conduct by Defendant. Accordingly, Plaintiff raises a genuine dispute of material fact as to whether Defendant acted knowingly such that it may be held liable for additional damages through its asserted statutory claims.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion for Summary Judgment Regarding Plaintiff's Extra-Contractual Claims (ECF No. 24). The Court grants the motion only as to Plaintiff's claim asserted under Tex. Ins. Code § 541.060(a)(1). Defendant is entitled to summary judgment on that claim. The Court otherwise denies the motion.

With the resolution of this motion, this case appears ready for trial. Accordingly, the Court will seek proposed trial dates and other information from the parties by separate order.

**IT IS SO ORDERED this 26th day of September 2025.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**